IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 12-cv-01532-REB-BNB

BANK OF AMERICA, NATIONAL ASSOCIATION, successor by merger to BAC HOME
LOANS SERVICING, LP,

     Plaintiff,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION, and
GEORGE J. KENNEDY, the Douglas County Public Trustee,

     Defendants.

---

ORDER GRANTING MOTION TO DISMISS
& DENYING MOTION TO REMAND

---

Blackburn, J.

This matter is before me on the following (1) the **Motion To Dismiss Complaint
by Defendant United States Small Business Administration** [#8][1] filed June 15,
2012; and (2) the plaintiff's **Motion for Remand To State Court Pursuant To 28 USC
§ 1446** [#12] filed June 21, 2012.  The parties filed responses [#13 & #14] and replies
[#15 & #16] addressing both motions.  I grant the motion to dismiss and deny the motion
to remand as moot.

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) may consist of either a facial
or a factual attack on the complaint.  ***Holt v. United States***, 46 F.3d 1000, 1002 (10th
Cir. 1995).  Because the defendant's motion presents a facial attack, I must accept the
allegations of the complaint as true.  ***Id***.  The plaintiff bears the burden of establishing

---

[1]  "[#8]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

that subject matter jurisdiction exists.  *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994); *Fritz v. Colorado*, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002). In this case, the question of subject matter jurisdiction arises in relation to the scope of the sovereign immunity of the United States.

Initially, the plaintiff, Bank of America, filed its complaint [#3] in state court. Bank of America holds a promissory note secured by a deed of trust recorded against real estate in Douglas County.  Bank of America discovered that the United States Small Business Administration (SBA) is the beneficiary of a deed of trust recorded against the same property.  Currently, the SBA lien is in first position, and the Bank of America lien is in second position. In this suit, the Bank of America seeks a declaration that the SBA lien is equitably subordinated to a portion the Bank of America lien.

In its motion, the SBA argues that Bank of America's claim must be dismissed because the claim does not fall within the scope of the relevant waiver of sovereign immunity and because the SBA was never served properly. Bank of America relies on 28 U.S.C. § 2410(a) as the relevant waiver of sovereign immunity.  In relevant part, that statute provides:

> (T)he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or lien.

The terms of a waiver of sovereign immunity must be construed strictly.  *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied . . . ."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

Bank of America's complaint in this case does not satisfy the requirements of

the waiver of sovereign immunity expressed in § 2410(a) because the United States is not "named a party" in Bank of America's complaint. 28 U.S.C. § 2410(a).  Bank of America notes that suits against an agency of the United States government, like the SBA, generally are treated as suits against the United States.  While that is true generally, the existence of that rule does not mean I can presume or imply that the United States was named a party in Bank of America's complaint. The caption of the complaint shows that the United States was not named a party.

In its reply [#16] in support of its motion to remand, Bank of America cites some authority for the proposition that naming the SBA and similar federal agencies as a party is the equivalent of naming the United States as a party.  As a practical matter, that position has ostensible appeal.  However, that position effectively ignores the requirement that a waiver of sovereign immunity be unequivocally expressed in statutory text, strictly construed, and not implied.  The authority cited by Bank of America is not binding on this court, and I conclude that it is not persuasive on the issue presented in this case.

As noted below, it is likely that this case readily can be re-configured to fall within the applicable waiver of sovereign immunity and, as a result, to permit a court to resolve the dispute.  However, the present case must be dismissed.  Absent a waiver of sovereign immunity applicable to Bank of America's claim, this court does not have subject matter jurisdiction over the claim asserted in the complaint.

For the same reason, the state court did not have subject matter jurisdiction over the claim asserted in the complaint.  "[I]t is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had

originated there." ***Arizona v. Manypenny***, 451 U.S. 232, 242 (1981).  Under this rule of law, I must dismiss this case for lack of subject matter jurisdiction.  Given these circumstances, I deny Bank of America's motion to remand as moot.[2]

        **THEREFORE, IT IS ORDERED** as follows:

        1.  That the **Motion To Dismiss Complaint by Defendant United States Small Business Administration** [#8] filed June 15, 2012, is **GRANTED**;

        2.  That the plaintiff's **Motion for Remand To State Court Pursuant To 28 USC § 1446** [#12] filed June 21, 2012, is **DENIED**;

        3.  That under FED. R. CIV. P. 12(b)(1), this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

        Dated March 20, 2013, at Denver, Colorado.

                                        **BY THE COURT:**

                                        Robert E. Blackbum
                                        United States District Judge

---

[2] In the final paragraph of the SBA's response [#14] to the motion to remand, the SBA suggests a solution to the problem presented by this jurisdictional maze.  Bank of America can file a new action naming the United States as a defendant, along with all other relevant interest holders, and likely bring its claim within the waiver of sovereign immunity expressed in 28 U.S.C. § 2410(a).  Other than the requirement discussed above, I have not analyzed fully the scope of that waiver, but I suggest that the parties consider the SBA's proposed solution.